# Fulghum *v.* Roberts.

*Action against Judge of Probate for Penalty for issuing Marriage License to Minor in Violation of Provisions of Statute.*

1. *Qui tam action against judge of probate for issuing marriage license; effect of amendatory acts on pending suit.*—Neither the act of March 1st, 1881, amending section 2681 of the Code of 1876 (Pamph. Acts, 1880–1, p. 31), nor the act of February 5th, 1883, amending the act of March 1st, 1881 (Pamph. Acts, 1882–3, p. 38), affected the rights of parties to an action brought against a judge of probate for issuing a marriage license to a minor contrary to the statute, under section 2681, as it originally stood, and pending at the time of the approval of both of the amendatory acts.

APPEAL from Greene Circuit Court.

Tried before Hon. S. H. SPROTT.

This was an action by Simeon Fulghum against Thomas W. Roberts, and was commenced on 27th January, 1881. The original complaint is as follows: "The plaintiff, Simeon Fulghum, who sues on his own behalf, and on behalf of the State of Alabama, claims of the defendant, Thomas W. Roberts, the sum of five hundred dollars for this, that said defendant, while acting probate judge of Greene county, Alabama, after having given bond and qualified according to law, did, on the 26th day of May, 1880, as such probate judge grant and issue a marriage license for the celebration of the rites of matrimony between one Richard Carpenter and Virginia Fulghum, daughter of said plaintiff, Simeon Fulghum, an infant at the time, under the age of eighteen years, said infant having had no former husband. And plaintiff avers that said license was granted without the consent of the parent or parents of Virginia Fulghum, given personally before said probate judge, for the celebration of said marriage, or without the consent of said parent or parents, given in writing, and the execution of the same proven before said probate judge, for the celebration of said marriage of said Virginia Fulghum to the said Richard Carpenter." The cause was tried at spring term, 1883, of said court, when, a demurrer interposed by the defendant to the complaint having been sustained, the plaintiff filed an amended complaint, on which the trial was had, resulting in a verdict and judgment for the defendant. The opinion does not render

[Huckabee v. Shepherd.]

it necessary to set out the facts disclosed by the evidence, or the exceptions reserved on the trial.

The ruling on the demurrer above noted is among the assignments of error here made.

H. C. Tompkins and Thos. W. Coleman, for appellant.

J. P. McQueen and Thos. Seay, *contra*.

STONE, J.—The present suit was brought in January, 1881, for an alleged injury committed before that time. In *Roberts v. Pippen*, at this term [*ante* p. 103], we ruled that neither the act "to amend section 2681 of the Code," (Pamph. Acts,1880–1, p. 31), nor the act to amend said act, approved February 5th, 1883, (Pamph. Acts, p. 38), affected the rights of parties, circumstanced as these were. The result of the ruling is, to require a reversal of this case in many particulars, notably, in the judgment sustaining the demurrer to the original complaint. The case must be tried without reference to either of those amendatory statutes. We need not particularize the errors committed.

Reversed and remanded.